R. James Miller, SBN 170312
Katherine L. Marlink, SBN 272555
POWERS & MILLER
2180 Harvard Street, Suite 200
Sacramento, California 95815
Telephone No. (916) 924-7900
Telecopier No. (916) 924-7980

Attorneys for Plaintiff
The Foundation for Worldwide International
Student Exchange (WISE)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| THE FOUNDATION FOR WORLDWIDE INTERNATIONAL STUDENT EXCHANGE (WISE), | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| JAMES DOAN, TERI BARR, JEANNIE NISHIKAWA, DAVIS HOUSING SERVICES, STUDENT GLOBAL PLACEMENT SERVICES, and LESTER NEBLETT | |
| Defendants. | |

Comes now Plaintiff, by and through counsel, and asserts as follows:

### JURISDICTION AND VENUE

1.   This case arises under California law, including California common law, California Civil Code § 3426.1 et seq., California Business and Professions Code § 17200 and § 17200 et seq., for damages incurred by The Foundation for Worldwide International Student Exchange (WISE) in connection with the misappropriation and use of trade secrets as well as

1  interference   with   prospective   and   existing   business
2  relationships.

3      2.   This court has jurisdiction over this action pursuant
4  to 28 U.S.C. § 1332(a)(1) because complete diversity exists and
5  the amount in controversy exceeds seventy-five thousand dollars
6  ($75,000.00).

7      3.   Venue   is   proper   in   the   Eastern   District   of
8  California-Sacramento   Division   pursuant   to   28   U.S.C.   §
9  1391(b)(2), because the acts, omissions and violations alleged
10  herein occurred in Yolo County, which is within the Eastern
11  District of California and pursuant to 28 U.S.C. § 1391(b)(1)
12  because a defendant resides in the district and all defendants
13  are residents of the State of California.

14                              **PARTIES**

15      4.   Plaintiff, The Foundation for Worldwide International
16  Student Exchange, (WISE) is a nonprofit organization organized
17  under the laws of the State of Washington with its principal
18  place of business in Dyersburg, Tennessee.

19      5.   Defendant, James Doan, is a citizen of the United
20  States of America and a resident of Yolo County, in the State
21  of California.   James Doan currently operates Davis Housing
22  Services.   James Doan also has a business relationship with
23  Teri Barr.  James Doan also formerly contracted with WISE.

24      6.   Defendant Teri Barr is a citizen of the United States
25  of America and a resident of Yolo County, in the State of
26  California.   Teri Barr formerly contracted with WISE. She has
27  also worked with James Doan, Lester Neblett, and Student GPS.

28      7.   Defendant, Jeannie Nishikawa, is a citizen of the

1  United States of America and a resident of Yolo County, in the
2  State of California.   Upon information and belief, Jeannie
3  Nishikawa has a business relationship with the other Defendants
4  including, but not limited to, Davis Housing Services, Student
5  GPS, Teri Barr and Lester Neblett.

6      8.   Defendant Davis Housing Services, upon information
7  and belief, is a business organized under the laws of the State
8  of California and has its principal place of business in Yolo
9  County, in the State of California.

10     9.   Student Global Placement Services (Student GPS), upon
11 information and belief, is a business organized under the laws
12 of the State of California with its principal place of business
13 in Yolo County, in the State of California.

14     10.  Lester Neblett is a citizen of the United States of
15 America and, upon information and belief, a resident of Yolo
16 County, in the State of California.   Lester Neblett is the
17 current CEO of Student GPS. Lester Neblett has current business
18 relationships with the other Defendants listed herein.

19     11.  The term "Defendants" will refer collectively to the
20 aforesaid defendants acting individually and as an agent for
21 one another.

22                    **GENERAL ALLEGATIONS**

23     12.  Plaintiff WISE is a non-profit organization whose
24 purpose is to provide international exchange opportunities to
25 students, youth and adults.   To further this purpose, WISE has
26 developed numerous programs including the Work & Travel (J-1
27 Program), Internship and Training (J-1 Program), University
28 Homestay Program, Group and Individual Homestay Programs, Farm

1  and Ranchstay Program, Agricultural Internship and Training (J-
2  1 Program), High School Program, Volunteer Program, and
3  Academic Year Abroad Program.

4      13. Plaintiff WISE, in furtherance and development of
5  these programs, has created information that constitutes a
6  "trade secret" as defined in California Civil Code § 3426.1(d).
7  These trade secrets include but are not limited to homestay
8  matrices and client lists.  These matrices and lists include,
9  but are not limited to, sensitive contact information of
10 organizations with whom WISE contracts for services as well as
11 homestay families whom host students from abroad.

12     14. Defendant Davis Housing Services is a comprehensive
13 local homestay placement agency.  On information and belief,
14 Defendant Davis Housing Services assists in providing
15 international exchange opportunities to students.

16     15. Defendant Student GPS is a homestay placement agency.
17 On information and belief, Defendant Student GPS assists in
18 providing international exchange opportunities to students,
19 visiting professors, visiting lecturers, visiting researchers
20 and groups.

21     16. Teri Barr co-opted and kept WISE's sensitive material
22 including information that constitutes a trade secret and
23 shared this information with James Doan. In concert, they used
24 this information to compete with Wise Foundation in an unlawful
25 manner.

26     17. Lester Neblett obtained WISE's confidential homestay
27 list which constitutes a trade secret.  He used this homestay
28 list to unlawfully compete with WISE and directly contact

1   WISE's homestay families. Lester Neblett knew this information
2   was confidential and constituted a trade secret when he used
3   it.   Teri   Barr   shared   WISE's   confidential   information   with
4   Lester and they, in concert used this information to unlawfully
5   compete with WISE.

6        18.   Lester   Neblett   and   Student   GPS   contacted   multiple
7   WISE homestay families whose contact information they acquired
8   from confidential information they obtained. Lester Neblett and
9   Student GPS also used confidential information they obtained
10  from   Doug   Amorim   Ferriera,   and   used   this   information   to
11  unlawfully compete with WISE.

12       19.   Teri   Barr   acted   as   an   agent   of   Lester   Neblett,
13  Student GPS, Davis Housing Services and James Doan in her
14  misappropriation and use of WISE's trade secrets.   All of her
15  actions   are   imputed   to   Lester   Neblett,   James   Doan,   Davis
16  Housing Services and Student GPS as she performed these actions
17  in the course and scope of her agency.

18                        **FIRST CAUSE OF ACTION:**

19     **Misappropriation of Trade Secrets in Violation of California's**

20                   **Uniform Trade Secrets Act (CUTSA)**

21       20.   Plaintiff   re-alleges,   and   fully   incorporates   herein
22  by reference, paragraphs 1 through 19 herein.

23       21.   Defendants misappropriated and used the trade secrets
24  of Plaintiff in violation of California Civil Code §3426.1 et
25  seq.

26       22.   Plaintiff hereby alleges that the Defendants have and
27  continue to use privileged and confidential material that was
28  created by Plaintiff as a trade secret. Defendants appropriated

and began using this information within a year of the filing of this Complaint. This information concerns specifically, but is not limited to, homestay matrices, including those families contracted with WISE to host students and client lists that are not readily determinable by means other than use of protected material.

23.   Defendants had knowledge that this information was a protected trade secret because these lists indicate on their face that they are confidential and protected information.

24.   Teri Barr, Student Global Placement Services, James Doan, Davis Housing Services and Lester Neblett used confidential information concerning Plaintiff's homestay matrices which they knew to be confidential, and used this information to unlawfully compete with WISE.

25.   Defendant James Doan has used a confidential contact list for both families and agents which he obtained through former employees despite having knowledge that this information was confidential.

26.   Further, Defendant Teri Barr has retained computers and other documents of WISE and has not returned these documents. These documents are confidential and they have been used to compete with WISE. This information has been shared with other Defendants despite its confidential nature. Further, Teri Barr has admitted to such use.

27.   Defendants have interfered with Plaintiff's existing contractual relations by their misappropriation and use of Plaintiff's trade secrets as stated herein.   Defendants, in concert, have used this privileged information to contact host

families to request them to cease using WISE and unlawfully compete with them.   Further, Defendants have contacted these confidential host families and purported to be employees of WISE to solicit business for their own benefit.

28. Defendants have interfered with Plaintiff's prospective advantage by their misappropriation and use of Plaintiff's trade secrets as stated herein.

29. Defendants by their actions alleged herein also are a violation of California's Unfair Competition Law pursuant to California Business and Professional Code §§17200 and 17500 et seq.

### SECOND CAUSE OF ACTION:

### Injurious Falsehood (Trade Libel)

30. Plaintiff re-alleges, and fully incorporates herein by reference, paragraphs 1 through 29 herein.

31. Defendants have made false statements regarding WISE's business activities concerning student placement and student care when placed with host families to both prospective and current host families as well as UC Davis, who contracts with WISE resulting in economic injury to Plaintiff. Defendants have specifically contacted host families spreading false information to convince the confidential host families to cease to do business with WISE.   Further, Defendants have contracted third party entities that contract with WISE and made false allegations concerning student treatment. These false allegations began in March, 2012 and continue to this date. Defendant Nishikawa contacted University of California Davis and falsely stated that WISE refused to respond to allegations

of mistreatment of students. Nishikawa also relayed these false statements to her California Assembly representative. Nishikawa, on April 2, 2012, falsely alleged to a University of California Davis employee, "Of course they haven't contacted anyone yet" when presented with allegations of mistreatment. Further Defendants Nishikawa, Lester Neblett and Teri Barr have contacted host families falsely stating that WISE refuses to respond to mistreatment of students. Defendants also falsely stated to WISE's homestay families that WISE "was being replaced and/or no longer working with UC Davis" when Defendants knew such statements were false.

32. Defendants made the false statements with malice and the intent to cause organizations, students, homestay families, and government officials not to do business with the plaintiff or otherwise interfere with Plaintiff's relations to others, all to Plaintiff's economic disadvantage.

33. Defendants made such unlawful, unfair and fraudulent statements knowing the statements were false at the time they were made or made such statements in reckless disregard to the statement's truth or falsity.

34. At the time made the aforementioned statements, Defendants were aware of the economic relationship between the Plaintiff and both the homestay families and those individuals responsible for placement with universities and knew that this relationship provided an economic benefit to the Plaintiff.

### THIRD CAUSE OF ACTION:

### Interference with Contractual Relations

35. Plaintiff re-alleges, and fully incorporates herein

1  by reference, paragraphs 1 through 34 as if fully restated
2  herein.

3      36. Defendants, by way of their false statements,
4  intentionally interfered with or induced a breach in
5  Plaintiff's contracts with homestay parents as well as
6  educational entities with whom Plaintiff contracted by taking
7  steps and performing intentional acts designed to disrupt such
8  relationships.

9      37. At all times when Defendants made such false
10 statements to the homestay parents and educational entities
11 with the intent to interfere or induce a breach; Plaintiff had
12 a valid, legal contract with these entities.

13     38. As a result of Defendants' statements, steps and acts
14 those contractual relationships have been disrupted and the
15 Plaintiff has lost economic receipts due to these actions.

16                    FOURTH CAUSE OF ACTION:

17          Interference with Prospective Advantage

18     39. Plaintiff re-alleges, and fully incorporates herein
19 by reference, paragraphs 1 through 38 as if fully restated
20 herein.

21     40. Defendants, by way of their false statements,
22 intentionally interfered with Plaintiff's future contractual
23 relations with homestay parents and educational entities both
24 in the United States and abroad by taking steps and performing
25 intentional acts designed to disrupt such relationships.

26     41. Defendants' statements, steps and acts have caused
27 economic damage to Plaintiff through the loss of an opportunity
28 to obtain customers and a loss of prospective receipts.

1

2

### FIFTH CAUSE OF ACTION:

### Defamation

3      42.   Plaintiff re-alleges, and fully incorporates herein

4   by reference, paragraphs 1 through 41 as if fully restated

5   herein.

6      43. Defendant Jeannie Nishikawa defamed WISE by

7   intentionally and/or recklessly making statements to a WISE

8   client, homestay families and government officials by making

9   specific claims of malfeasance towards students in the homestay

10   families placed by WISE. These statements were both written and

11   oral and began in March 2012, and continue to the present.

12   These statements specifically alleged that WISE was

13   unresponsive to claims of mistreatment of students and turned a

14   blind eye to allegations of mistreatment.   Defendant, upon

15   request by WISE, refused to provide information concerning the

16   alleged mistreatment to WISE.

17      44.   At the time Defendant Jeannie Nishikawa made these

18   statements, she knew of the statements' falsity or recklessly

19   avoided determining their truth or falsity.

20      45.   These false statements caused reputational damage and

21   financial detriment to Plaintiff by costing WISE numerous

22   placements.

23

24

### SIXTH CAUSE OF ACTION:

### Conversion

25      46.   Plaintiff re-alleges, and fully incorporates herein

26   by reference, paragraphs 1 through 45 herein.

27      47.   Defendant Teri Barr has retained computers and other

28   documents of WISE for which WISE was the owner and entitled to

1   possession at the time of her wrongful retention. Her
2   possession of these computers and documents is a substantial
3   interference with Plaintiff's use and enjoyment thereof.
4   Defendant Teri Bar has not returned these documents. In
5   addition, these documents are confidential and they have been
6   used to compete with WISE. Teri Barr has admitted to using this
7   confidential information.

8       48.  WISE has requested Defendant Teri Barr to return said
9   computers and other documents.  Defendant has failed to return
10  and, on information and belief, remains in possession of WISE's
11  property despite this request.

12      49.  Defendant Teri Barr's possession has resulted in
13  damages to WISE including, but not limited to, the value of the
14  computers and other documents and the loss of their use.

15                        **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff requests the following relief:

17      1.  Judgment in favor of the Plaintiff against
18  Defendants, jointly and severally, for economic damages and
19  actual losses sustained by reason of their violations of the
20  California Uniform Trade Secrets Act, Injurious Falsehood
21  (Trade Libel), Interference with Contractual Relations,
22  Interference with Prospective Advantage, and Defamation in an
23  amount to be determined by a jury for their economic damages in
24  excess of Seventy Five Thousand Dollars ($75,000.00);

25      2.  Award for recovery of general damages by reason of
26  Defendants' defamation of the Plaintiff;

27      3.  Award for recovery of unjust enrichment obtained by
28  Defendants by reason of their violations of the California

1 | Uniform Trade Secrets Act;

2 |     4.   Judgment in favor of the Plaintiff against Teri Barr,
3 | individually, for economic and general damages resulting from
4 | her conversion;

5 |     5.   Punitive  or  exemplary  damages  on  all  causes  of
6 | action, to the extent allowable by law, including but not
7 | limited to exemplary damages available under California Civil
8 | Code § 3426.1;

9 |     6.   Award of all reasonable expenses which the Court
10 | finds to have been necessarily incurred, plus reasonable
11 | attorneys' fees and costs, to the extent allowable by law,
12 | including but not limited to fees and costs available under
13 | California Civil Code § 3426.4;

14 |     7.   Further, Plaintiff seeks all injunctive relief
15 | available under Rule 65 of the Federal Rules of Civil
16 | Procedure.

17 |     8.   Such other and further relief as the Court deems
18 | proper.

19 |
20 |                   **DEMAND FOR A JURY TRIAL**
21 |     Plaintiff demands a trial by jury, pursuant to FRCP 38.

22 |
23 |
DATED:  July 27, 2012        R. JAMES MILLER and KATHERINE L.
24 |                              MARLINK

25 |                              ATTORNEYS FOR PLAINTIFF WISE

26 |
27 |                              By: _____
                                      R. JAMES MILLER
28 |

                               12
                    COMPLAINT; DEMAND FOR JURY TRIAL